# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9455 | **DATE** | 3/27/2013 |
| **CASE TITLE** | Harry Mustari (#R-48432) vs. Randy Pfister | | |

**DOCKET ENTRY TEXT**

The Court takes petitioner's motion to withdraw his motion to stay under advisement but directs petitioner to make a further submission to the Court by no later than 5/1/2013, as further described below.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

Harry Mustari has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. Shortly after he filed the petition, Mr. Mustari filed a motion asking the Court to stay further proceedings. In the motion, Mr. Mustari stated that he was in the process of filing a successive state post-conviction petition to address a newly discovered issue. The Court ordered respondent to respond to Mr. Mustari's motion, and respondent filed an objection. Mr. Mustari has now asked the Court to withdraw his motion to stay. He states that he has not heard anything further from his family, who he had believed had hired an attorney to handle the successive post-conviction petition, or from the attorney.

The Court will do as Mr. Mustari requests (i.e., allow him to withdraw the motion to stay), but only once the Court is certain that Mr. Mustari understands the consequences of his request. As a general rule, a petitioner gets only one attempt at a federal habeas corpus petition. The law, generally speaking, forbids a petitioner from filing a second federal habeas corpus petition. *See* 28 U.S.C. § 2244(b)(2). There is, among other exceptions, an exception for a situation in which the factual basis for the claim could not have been discovered previously with due diligence, *see id.* § 2244(b)(2)(B), but this is a very narrow exception that may well not provide an exception for the new claim that Mr. Mustari says that he wants to make in state court. In addition, Mr. Mustari likely would not be able to add that new claim to his current federal habeas corpus petition (or, for that matter, attempt to raise it in a second federal habeas corpus petition later) without first presenting it to the state courts, including a state court appeal. In other words, if Mr. Mustari bypasses the state courts on the new claim that he was hoping to assert in a successive post-conviction petition, the odds are fairly strong that he will never be able to present that claim in federal court.

For these reasons, the Court will hold in abeyance Mr. Mustari's motion to withdraw his motion to stay, pending a further submission from Mr. Mustari. Mr. Mustari is directed to file, by no later than 5/1/13, a statement advising the Court whether he will wishes to withdraw his motion to stay. If the answer is yes,

**STATEMENT**

than that is all Mr. Mustari needs to tell the Court. If the answer is no (in other words, Mr. Mustari now wishes to pursue his motion to stay), then it is likely that the Court will, thereafter, impose a defined time limit by which Mr. Mustari must file his anticipated successive post-conviction petition in state court.